```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

COLIN YOUNG,                       :
                                   :
     Plaintiff,                    :
                                   :
     v.                            :    CASE NO. 3:08CV501(AWT)
                                   :
RAYMOND LONG, ET AL.,              :
                                   :
     Defendants.                   :
```

RULING ON DISCOVERY MOTIONS

Pending before the court are several discovery motions. Oral argument was held on July 2, 2009.

A.  Plaintiff's Motion for Default Judgment and Motion for Sanctions

The plaintiff's Motion for Default Judgment, doc. #29, is denied for lack of good cause shown. During oral argument, plaintiff's counsel withdrew her request for sanctions, contained in the plaintiff's Motion for Default Judgment, doc. #29.

B.  Plaintiff's Motion to Compel Discovery Responses

The plaintiff's Motion to Compel (doc. #28) is granted in part and denied in part. The defendants are under a court order to respond to the interrogatories and requests for production. (See docs. #20, 22.) Judge Thompson granted the defendants an extension of time until July 23, 2009 to comply. (See docs. #23, 24.)

As to the outstanding interrogatories, the defendants shall respond on or before **July 23, 2009.** Defense counsel represented in open court that the defendants would not interpose any

objections to the interrogatories.

The defendants have, however, interposed objections to certain of the plaintiff's requests for production.  The court heard argument on the outstanding requests for production.[1]  The plaintiff's motion to compel responses is granted in part and denied in part, as follows:

Request #2 seeks a list of the police officers present at the time of the incidents at issue in the plaintiff's complaint. The defendants shall disclose to the plaintiff the names of all such police officers.

Request #3 seeks certain police reports.  The defendants objected on grounds of overbreadth.  Plaintiff's counsel agreed in open court to narrow the request to the reports for this case, and defense counsel had no objection to the narrower request. The defendants shall therefore respond to that narrowed request.

Request #4 seeks a list of all police officers who were present at the hospital when the plaintiff was brought there in

---

[1] The plaintiff, in his motion to compel, failed to comply with the requirements of Local Rule 37(b)(1), which provides that the memorandum of law accompanying a discovery motion shall include "a specific verbatim listing of each of the items of discovery sought or opposed, and immediately following specification shall set forth the reason why the item should be allowed or disallowed." However, the parties provided a cursory discussion of their positions on these requests in a related motion. (See docs. #30 and 37.)  They were given further opportunity to argue their positions at oral argument.  The parties are in agreement that the requests for production listed in this order comprise all of the remaining disputed requests.

connection with the incidents at issue in this case. The defendants shall disclose to the plaintiff the names of all such police officers.

Request #5 was withdrawn by the plaintiff in open court.

Request #6 seeks photographs of the involved police officers. The defendants object on relevance grounds and on officer safety grounds. The defendants' relevance objection is overruled and the defendants are ordered to produce the photographs. However, counsel are instructed to work together to develop a procedure that addresses the defendants' safety concerns while permitting plaintiff's counsel to review the photographs with her client.

Request #7 seeks the "[c]urrent status of both officers." Plaintiff's counsel explained at oral argument that she seeks documents evidencing the current employment status of the defendant officers. The defendants shall disclose documents responsive to that narrowed request.

Request #8 was withdrawn in open court.

Request #9 seeks the individual defendants' "personnel files, and other files held by the City of Bridgeport or its Police Department in any sub-department." The defendant has responded in part to this request but has objected, *inter alia,* on grounds that the responsive documents might include sensitive information such as home addresses, private information about

3

third parties, and unrelated medical information.  Plaintiff's counsel agreed to narrow the request, but defense counsel expressed continuing reservations about possible sensitive information.  The motion to compel is denied without prejudice as to Request #9.  Counsel shall work together to reformulate the request and, if necessary, to develop a plan for protecting any sensitive information in the documents.  Any further motions regarding this request for production shall be filed with the court on or before **July 30, 2009.**

The defendants shall produce all responsive items, as set forth above, on or before **July 23, 2009**.

C.   <u>Defendants' Motion for a Protective Order</u>

The defendants' Motion for Protective Order, doc. #30, relates to the plaintiff's proposed depositions and seeks an order providing:

>    1. That all depositions be delayed until after such time as the plaintiff brings the defendants' known objections before the Court for resolution.
>
>    2. If the depositions are not delayed that the plaintiff be precluded from inquiry into any area to which an objection has been raised.
>
>    3. That no deposition of Raymond Long be allowed until after his medical providers have provided clearance for the same.

Requests 1 and 2 are moot in light of the court's ruling as to the requests for production.  Request 3 is denied without prejudice in the absence of any record about defendant Long's

medical condition or ability to undergo a deposition. Any further motion relating to defendant Long's medical condition shall be filed on or before **July 30, 2009** and shall be supported by affidavit or other evidence as well as a memorandum of law. See D. Conn. L. R. 7.

The defendants' Motion for Protective Order, doc. #30, is denied.

D.  Motion to Compel Responses to Requests for Admission and Motion to Disqualify Counsel

The plaintiff's motion to compel the defendant City to respond to requests for admission (doc. #39) and motion to disqualify counsel (doc. #36) are denied without prejudice for failure of counsel to comply with Local Rule 37(a). Counsel shall confer in good faith to attempt to resolve or narrow their dispute.

The motions may be refiled on or before **July 30, 2009**. If they are refiled, the parties shall fully brief the legal issues and cite applicable authority as to whether the City's response is sufficient under Fed. R. Civ. P. 36. The plaintiff's vague reference to a prior case before this court does not suffice.[2]

---

[2] Based on plaintiff's counsel's references at oral argument, it appears that the plaintiff may be relying, at least in part, on the Second Circuit's ruling in Russo v. City of Bridgeport, 479 F.3d 196, 213 (2d Cir. 2007).

E.   <u>Scheduling Order</u>

Plaintiff's counsel represents that she intends to take several depositions after receiving responses to written discovery.  Because of the delay, the plaintiff has not yet disclosed expert witnesses.  The defendants also have not yet disclosed experts.  In light of this, the scheduling order for discovery is extended, as follows:

Any party intending to call such a witness must disclose a report signed by the witness containing the information required to be disclosed by Fed. R. Civ. P. 26(a)(2)(B).  All such expert reports will be disclosed by plaintiff on or before **August 31, 2009**.  All such expert reports will be disclosed by the defendants on or before **September 30, 2009**.  All discovery, including expert depositions, shall be completed on or before **October 30, 2009.**

SO ORDERED at Hartford, Connecticut this 2nd day of July, 2009.

```
              _____/s/_____
                   Donna F. Martinez
                   United States Magistrate Judge
```